INDIANAPOLIS STREET RAILWAY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8787.   Promulgated June 17, 1927.

The petitioner corporation, which was the result of a consolidation on June 30, 1919, of two other Indiana corporations, pursuant to the provisions of the statutes of the State of Indiana, took over the assets and assumed the liabilities of such other corporations and issued its stock for the stock of such other corporations, and, among such liabilities of such corporations, were certain mortgage bonds which the petitioner purchased in 1923 for sinking-fund purposes at less than par and less than the amount for which such constituent corporations had theretofore sold them. *Held* that petitioner received no taxable income from such purchase.

*Harry A. Fellows, Esq.*, and *Will H. Latta, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

The Commissioner notified petitioner of his determination of deficiencies in income and profits tax for 1922 and 1923 in the amounts of $3,869.21 and $4,933.57, respectively. Only the deficiency for 1923 is in controversy. Petitioner was incorporated on June 30, 1919, to take over all of the assets and assume all of the liabilities of two other Indiana corporations and issued its stock in exchange for stock of such other corporations. Among outstanding liabilities assumed by petitioner were certain mortgage bonds of the constituent corporations, which bonds petitioner purchased for sinking-fund purposes in 1923 at less than par. Petitioner claims that the Commissioner erred in holding that upon the purchase of these bonds it derived a taxable gain. The facts are stipulated.

### FINDINGS OF FACT.

Petitioner is an Indiana corporation organized June 30, 1919, by the consolidation of the Indianapolis Street Ry. Co. and the Indianapolis Traction & Terminal Co., pursuant to a statute of the State of Indiana in force on and after March 3, 1899, and as amended in 1903, being sections 5685, 5686, 5687, 5688, 5689 and 5690 of Burns' 1914 Revised Annotated Statutes of the State of Indiana.

Prior to June 30, 1919, the Indianapolis Traction & Terminal Co. was lessee under a lease executed by the Indianapolis Street Ry. Co. upon all of its street railway properties in the City of Indianapolis. Each of the said companies owned certain street railway properties in the City of Indianapolis, which properties were joined and ·connected and by the lease were operated by the Indianapolis Traction & Terminal Co. as one property. The property of said companies physically connected, intersected, joined, and united each with the other and formed continuous lines of street railway lying within the City of Indianapolis.

Prior to consolidation the constituent, Indianapolis Street Ry. Co., had issued $105,000 par value of its first mortgage bonds and had received upon the issuance thereof the sum of $93,257.49. Prior to the consolidation, the Indianapolis Traction & Terminal Co. had issued $66,000 par value of its first mortgage bonds and had received at the time of issuance thereof the sum of $64,036.50.

Upon organization petitioner took over all of the properties of the Indianapolis Street Ry. Co. and the Indianapolis Traction & Terminal Co. and assumed their debts, issuing $5,000,000 par value of its capital stock for that amount of the par value of the capital stock of the Indianapolis Street Ry. Co. and $2,000,000 of its capital stock for $5,000,000 par value of the capital stock of the Indianapolis Traction & Terminal Co. The stock of the constituent corporations was thereupon canceled.

In the year 1923, petitioner " paid over by acquiring for sinking fund purposes the mortgages under which the same were issued, the following bonds, hereinbefore referred to: $105,000 par value of said constituent, Indianapolis Street Railway Company, first mortgage bonds issued for a consideration hereinbefore stated, by payment of $68,038.33; $66,000 par value of said Indianapolis Traction & Terminal Company, first mortgage bonds issued for a consideration hereinbefore stated, by payment of $59,261.70."

### OPINION.

LITTLETON: The Commissioner held that the petitioner derived a taxable gain in 1923 when it purchased the bonds of its predecessor companies which it had assumed when it took over their assets, at

less than par.  Petitioner contends that no taxable gain resulted from such purchase.  The Board has heretofore had occasion to consider this question and has held that the retirement by a corporation of its bonds at less than par does not result in taxable gain. *Independent Brewing Co. of Pittsburgh,* 4 B. T. A. 870; *New Orleans, Texas & Mexico Ry. Co.,* 6 B. T. A. 436.  See also *Kerbaugh-Empire Co.* v. *Bowers,* 300 Fed. 938; *Bowers* v. *Kerbaugh-Empire Co.,* 271 U. S. 170; *Meyer Jewelry Co.,* 3 B. T. A. 1319.  It is accordingly held that the Commissioner erred in his determination that the petitioner derived a taxable gain upon the retirement of the bonds involved in this proceeding.

> *Judgment will be entered on 15 days' notice, under Rule 50.*